The People of the State of New York ex rel. Julius Trevas, Respondent, v. Department of Health of City of New York, Appellant.— Mandamus order affirmed, with ten dollars costs and disbursements.  No opinion.  Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Carswell, J., not voting.

William Rustin, Appellant, v. Josie Rustin and Others, Defendants, and Long Island Railroad Company and C. Milton Foreman, Respondents.— Order of the County Court of Nassau county denying plaintiff's motion for bills of particulars of the matters set forth in the separate answers of defendants Long Island Railroad Company and C. Milton Foreman reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, and motion granted, with ten dollars costs, to the following extent: In so far as it concerns defendant Long Island Railroad Company, the motion is granted in all respects, but the word " exact," appearing in the first line of item " d " and in the first line of item " h," is changed in each instance to " approximate."  In so far as it concerns defendant Foreman, the motion is granted as to all items except item " f."  By section 37 of the Civil Practice Act, adverse possession may be had under a claim of title founded upon a written instrument or upon a decree or judgment of a competent court.  By section 39 of that act, it may be had under a claim of title not founded upon a written instrument or a judgment or decree, where there has been an actual continued occupation under such claim.  Section 38 prescribes the essentials of adverse possession under a claim founded upon a written instrument or a judgment or decree, and section 40 states how title may be acquired under a claim not founded upon a written instrument or a judgment or decree.  The affirmative defenses do not give any of these details, and plaintiff is, therefore, without knowledge of the source or origin of said defendants' possession or occupation, or as to whether title by adverse possession is by virtue of occupation under a claim founded upon a written instrument or a judgment or decree, or under a claim not founded upon a written instrument or a judgment or decree.  In such circumstances the plaintiff is entitled to particulars.  In his answer defendant Foreman makes no claim respecting improvements, and, therefore, as to item " f " the motion was properly denied.  Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.