THERESA SMITH, as Administratrix, etc., of MACHAEL NELEPOVITZ, Also Known as MICHAEL SMITH, Deceased, Plaintiff. *v.* ONONDAGA POTTERY COMPANY, Defendant.

Supreme Court, Onondaga County, October 27, 1937.

*William L. Clay* [*Edward R. Murphy* of counsel], for the plaintiff.

*Bond, Schoeneck & King,* for the defendant.

SMITH (E. N.), J. The motion is made under subdivision 6 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground that the causes of action set forth therein " did not accrue within the time limited by law for the commencement of an action thereon."

The plaintiff's decedent, Machael Nelepovitz, had been in the employ of the defendant from some time prior to 1915 down to and including the 26th day of June, 1930, with the exception of a period from August 4, 1923, to August 25, 1924; since June 26, 1930, said decedent was not employed by the defendant.

The complaint seeks to recover damages on account of injuries claimed to have been sustained by said decedent while in the employ of the defendant, which resulted in his death. The cause of these injuries is alleged to have been the inhalation of gases, fumes, vapors, fibers and other impurities in quantities tending to injure the health of the employees and particularly this decedent. The basis of the first cause of action is that these injuries were caused by the failure of the defendant to comply with the Labor Law of the State of New York, which required the defendant to provide adequate protection to the life, health and safety of all persons employed in its work rooms. There are other statutory provisions referred to in the complaint which lie at the foundation of the action.

At common law an employer owed the duty to exercise reasonable care to the end that the place of employment might be reasonably safe for such purpose. The labor laws of the State of New York have set up specific requirements according to the nature of the employment. Whether such requirements are to be considered as creating a new cause of action, or as definitions of what would constitute reasonable care, is rather immaterial here. The Labor Law itself creates no liability; it does set up a standard of conduct to be observed by an employer. Whether the action be treated as one in negligence, or whether it be treated as if a liability was created by reason of the provisions of the Labor Law, the result is the same, so far as the motion to dismiss the first cause of action set up in the complaint is concerned. If the action be one in negligence, then the three-year Statute of Limitations applies. (Civ. Prac. Act, § 49, subd. 6.) If the action be treated as an action to recover upon a liability created by statute, then the six-

year Statute of Limitations applies. (Civ. Prac. Act, § 48, subd. 2.) In no event could the cause of action have accrued after the plaintiff's decedent left the employ of the defendant.

So, so far as the first cause of action is concerned, the motion must be granted. (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287.)

The gravamen of the second cause of action is fraud. The allegations of fraud in the amended complaint are as follows:

" That before the commencement of the employment of said decedent ' and during and throughout his employment by the defendant, the defendant wilfully and fraudulently and knowingly misrepresented to the decedent that the factory and workrooms of the defendant in which he was to be and later was employed and the operations and work which he was to and thereafter did perform were safe places to work and safe employment free from any hazards of injury to the health of the decedent.'

" That the place of employment of the decedent was not safe and free from hazard to the health of the decedent, in the respects set forth in the complaint, and, in particular, in that at the time of said representations by the defendant and throughout the period of the decedent's employment the conditions were such as to create and cause to be disseminated in the atmosphere of said workrooms, dusts, gases and fumes which were in their nature injurious and harmful and some of which contained poisonous substances, including silica dust, and in quantities injurious to the health of workmen and to the health of this decedent.

" That such conditions were known to the defendant, and that the fraudulent misrepresentations were made to the decedent for the purpose of.deceiving him as to the nature of the defendant's work places, and to induce the decedent to enter defendant's employ.

" That the facts relating to said dusts, gases and fumes and their effect upon the human body were unknown to the decedent.

" That he relied upon the fraudulent misrepresentations, and, so relying, entered defendant's employ; that the decedent would not have entered defendant's employ had he known that the representations and statements of said defendant were false and had he known the true facts."

The complaint further alleges that the plaintiff's decedent, in the course of an investigation as to the cause of his poor health, on or about the 16th day of June, 1936, learned·that the dusts, gases and fumes to which he had been exposed during his employment by the defendant were injurious to his health, and that prior to such time the decedent had no knowledge of the fact that his

employment and place of employment by the defendant were in fact unhealthful.

Disregarding the questions of sufficiency of allegation, or technicalities of phraseology, which questions are not here, broadly speaking the plaintiff has laid the foundation of an action in fraud. Such an action comes within the six-year Statute of Limitations and is not deemed to have accrued " until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud." (Civ. Prac. Act, § 48, subd. 5.) The essential elements which lie at the foundation of an action in fraud are alleged, to wit, fraudulent representation, reliance thereupon, lack of knowledge that the representations as made were untrue, and resulting damages.

So far as the Statute of Limitations is concerned, the discovery that the representations were fraudulent is alleged to have occurred within the period limited by statute.

It is to be noted that in its rulings in the case of *Schmidt* v. *Merchants Despatch Transportation Co.* (*supra*) our Court of Appeals excepted from its holding that " the statutory period of limitations begins to run from the time when liability for wrong has arisen, even though the injured party may be ignorant of the existence of the wrong or injury," cases of fraud where the statute expressly otherwise provides.

So far as the motion to dismiss the complaint on the ground that it is barred by the Statute of Limitations is addressed to the second cause of action, it should be denied.

Ordered accordingly.