THERESA SMITH, as Administratrix, etc., of MICHAEL NELEPOVITZ, Also Known as MICHAEL SMITH, Deceased, Appellant, v. ONONDAGA POTTERY COMPANY, Respondent.— Order so far as appealed from affirmed, with ten dollars costs and disbursements, on the authority of *Schmidt* v. *Merchants Despatch Transportation Co.* (270 N. Y. 287); *Felli* v. *U. S. Gypsum Co.* (Id. 287); *Michalek* v. *U. S. Gypsum Co.* (76 F. [2d] 115); *Miller* v. *U. S. Gypsum Co.* (96 id. 69). The appeal from the order first granted does not oust the court of jurisdiction to grant a reargument of the motion on which the order appealed from had been granted. (*Belmont* v. *Erie R. Co.,* 52 Barb. 637.) All concur. (The portion of the order appealed from grants a reargument of a motion to dismiss plaintiff's complaint in a silicosis action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ. [See 164 Misc. 883.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY LEHMAN, Appellant, v. WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent.— Order affirmed, without costs. Memorandum: Relator, upon his plea of guilty, was convicted of a felony, and sentenced as a first offender, to a term of not less than two nor more than four years in a State prison. The court suspended the execution of the sentence and placed relator on probation during good behavior. After about two and one-half years relator was brought before the court, charged with misconduct, violative of the terms of his probation, and resentenced to serve not less than two nor more than four years. Relator claims (quoting from his brief) that he was " sentenced  *  *  *  to two years probation," and that, having served that sentence, he could not be sentenced again for the same crime. That claim is untenable. Relator's probation was not a sentence but a relief from the operation of a sentence. When, by bad behavior, he forfeited the indulgence given to him, it was proper for the court to resentence him. (Code Crim. Proc. § 470-a.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

SEARS, ROEBUCK & COMPANY, Appellant, v. GERHARD LANG BREWERY and Others, Respondents.— Order modified by providing for a denial of the motion so far as it relates to the defendant Gerhard Lang Brewery and by limiting the bill of particulars as to defendants Sugarman to the matter of improvements, and as modified affirmed, without costs of this appeal to any party. Memorandum: In view of the separate defense of adverse possession pleaded by the defendant Gerhard Lang Brewery, we conclude that plaintiff is entitled to the particulars which it has demanded including those which relate to improvements. (*Rustin* v. *Rustin,* 228 App. Div. 839; *Gubner* v. *Pillion,* 231 id. 857. See, also, Carmody's N. Y. Practice, vol. 8, pt. 1, p. 181.) All concur. (The order denies in part defendants' motion to vacate plaintiff's demand for a bill of particulars, in an action in ejectment.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.