■ MAUDE K. HAYES, Appellant, v. UTICA MUTUAL INSURANCE COMPANY et al., Respondents.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: In an action setting forth allegations of slander, assault and conspiracy, among others, plaintiff appeals from an order directing her to furnish a bill of particulars in accordance with the notice of motion. The order is modified as follows: Paragraphs 5 (b) (c) and (d), 6 (a), 8 (a) (b) and (c-4) and 13 (a) of the notice of motion are eliminated on the ground that they seek names of prospective witnesses who do not fall within the exception applicable to the names of participants in an alleged conspiracy, hearers of an alleged slander or agents of a corporate party, and are therefore not available through a bill of particulars. (McCready v. Island Park-Long Beach, 235 App. Div. 691.) Paragraphs 6 (b), 8 (c-3) and (f) are eliminated because they require a statement of evidence or attempt to uncover the basis of plaintiff's belief in her lawsuit, which goes beyond the function of a bill of particulars to amplify the pleading, limit the proof and prevent surprise at the trial. (Matter of May, 17 A D 2d 729.) Paragraph 12 (a) is eliminated because it relates to matter which is not relevant to plaintiff's case, there being no duty on the part of a person who has been deprived of a contract of employment by the intentional wrong of a third person to minimize the damages recovered from such third person by entering upon other employment. (Carmen v. Fox Film Corp., 204 App. Div. 776; Norske Ameriekalinje v. Sun Print. & Pub. Assn., 226 N. Y. 1, 8.) Paragraphs 8 (c-2) and 2 (c) are modified by inserting the word "approximate" before the word "date" and, in paragraph 2 (c), by substituting "a substantially accurate statement of the acts" for the phrase "each and every act". This will furnish sufficient particularity. (Godwin v. Advance Metal Lithographing, 255 App. Div. 791; Rustin v. Rustin, 228 App. Div. 839.) The requirements in paragraphs 2 (e) and 3 (b) of a statement of the occupation of the persons designated is stricken out as requiring matter which is irrelevant. Finally, paragraph 10 is eliminated in view of respondents' present position that this request has become moot by reason of a protective order which has been granted. (Appeal from order of Oneida Special Term directing plaintiff to serve a verified bill of particulars.) Present — Williams, P. J., Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL F. D'ANGELO, Appellant.— Determination of this appeal withheld and case remitted to Monroe County Court for a hearing and determination of the voluntariness of the defendant's confession in accordance with the procedures outlined in People v. Huntley (15 N Y 2d 72). (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.