■ MARY PALAZZO, as Administratrix of the Estate of JOSEPH PALAZZO, Deceased, Appellant, v. ANTHONY ABBATE et al., Respondents, et al., Defendants.— In an action to recover damages for wrongful death and conscious pain and suffering, based on alleged medical malpractice, plaintiff appeals from an order of the Supreme Court, Kings County, dated September 7, 1973, which denied her motion (1) to vacate the separate demands of each of the three individual defendants for a bill of particulars or (2) for alternative relief. Order modified by (1) striking from the first decretal paragraph the words " in its entirety " and substituting therefor the following: " except that it is granted to the extent of striking from each of said demands the following items: 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18 and 20 "; and (2) inserting in the second decretal paragraph, immediately after the names of the individual defen-

dants, the following: " as hereby modified ". As so modified, order affirmed, with one bill of $20 costs and disbursements to appellant against the individual defendants. The time within which plaintiff may serve the bills of particulars is hereby extended until 20 days after entry of the order to be made hereon. The demands for bills of particulars sought much irrelevant matter and directed the production of evidentiary materials as opposed to a " general statement of the acts or omissions constituting the negligence claimed " (CPLR 3043, subd. [a], par. [3]). A bill of particulars is not intended to be of aid to a party in obtaining evidentiary material. Its purpose is to amplify the pleading, limit proof and prevent surprise at trial (*State of New York* v. *Horsemen's Benevolent & Protective Assn. (N. Y. Div.)*, 34 A D 2d 769; *Holland* v. *Baker*, 30 A D 2d 136; *Ferro* v. *Steeplechase Amusement Co.*, 228 App. Div. 828). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.