JOAN MULLEN, as Administratrix of the Estate of WILLIAM J. MULLEN, Deceased, Respondent, v FRANCES X. BRENNAN et al., Defendants, and UPJOHN Co., Appellant.—In a wrongful death action, defendant the Upjohn Co. appeals from so much of an order of the Supreme Court, Nassau County, dated February 8, 1977, as, upon plaintiff's motion to vacate or modify its demand for a bill of particulars, struck certain items from the demand. Order modified by deleting from those items stricken from the demand Items Nos. 7, 16 and 27. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to serve a further bill of particulars is extended until 20 days after entry of the order to be made hereon. Special Term erroneously struck Items Nos. 7, 16 and 27 from appellant's demand for a bill of particulars. Cohalan, Damiani and Titone, JJ., concur; Martuscello, J. P., concurs as to the deletion of Items Nos. 7, 16 and 27 from the list of items stricken, but otherwise dissents and votes to further modify the order insofar as it is appealed from, in accordance with the following memorandum: I concur in the majority's allowance of Items Nos. 7, 16 and 27. However, I believe that a "General statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]), requires that plaintiff respond to Items Nos. 26, 29 and 30 in their entirety, and to the remainder of the stricken items as follows: Item No. 21, to the extent that it requests the manner in which appellant's promotion of Cleocin was negligent, and what knowledge it had which it did not communicate to the medical profession; Item No. 23, to the extent that it requests the manner in which the advertising of the drug was "negligent and contrary to proper practice"; Item No. 24, to the extent that it requests the manner in which there was "overpromotion and overpersuasion"; Item No. 25, to the extent that it requests the manner in which appellant's literature "failed to present a balanced statement of the disadvantages" of the drug; and Item No. 28, to the extent that it requests what "aggressive promotion" was allegedly performed by appellant's detailmen.