OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant has timely moved to vacate portions of the defendant’s demand for a verified bill of particulars. The action is for conscious pain and suffering and wrongful death arising out of the alleged medical malpractice of the State’s physicians at Downstate Medical Center, Brooklyn, New York. The notice of claim indicates that on February 3, 1977 Tessie Kupferberg, then age 70, underwent certain surgical proce *521 dures which were performed in a negligent manner. This caused hemorrhaging and other complications, necessitating further surgery from which the decedent failed to survive. It is also alleged that the defendant altered prescribed medication without proper authorization, that massive doses of cortisone and other contraindicated drugs were administered, that the patient was abandoned and that no informed consent was obtained.
Paragraph 3 of the demand for a verified bill of particulars requests a statement of each and every act of negligence which will be relied upon; paragraphs 4 through 9, which claimant seeks to vacate, ask for further particularization of the negligence claimed including the names of persons who acted improperly, a statement of the accepted medical standards which were violated, the contents of all incorrect diagnoses, the names of each contraindicated drug and the surgical procedures which were negligently perform.
CPLR 3043 (subd [a], par [3]) permits a demand for a "[g]eneral statement of the acts or omissions constituting the negligence claimed”. (Palazzo v Abbate, 45 AD2d 760; Cirelli v Victory Mem. Hosp., 45 AD2d 856; Mullen v Brennan, 58 AD2d 597; Venezia v Klinger, 61 AD2d 1145.) The question is whether the word "general”, as it is used in CPLR 3043, precludes the asking of specific questions directed at areas raised by the complaint.
Clearly, the phrase "general statement” cannot be equated with vague, conclusory or evasive responses. (D’Onofrio v Davis, 14 AD2d 960.) Further, the court stated in Palazzo v Abbate (supra, p 761): "The demands for bills of particulars sought much irrelevant matter and directed the production of evidentiary materials as opposed to a 'general statement of the acts or omissions constituting the negligence claimed’ ”.
Ergo, a "general statement” does not include irrelevant or evidentiary matter. We observe, however, that between the extremes of vagueness and irrelevancy there is an area of some magnitude in which the judgment and discretion of the court may operate having relation to the particular facts and circumstances revealed by the complaint. The bill of particulars in a personal injury action is an intermediate step between the complaint and discovery and must be sufficiently informative to be of some value in sharpening the issues before proceeding to examinations before trial or other disclosure devices.
*522 Consequently, the fact that CPLR 3043 is phrased in terms of a "general statement” does not necessarily limit the demand for a bill of particulars in an actual case to the precise use of that terminology. Specific questions are far more valuable in sharpening the issues and less likely to evoke vague and conclusory responses.
In the present case, the defendant has requested both a general statement as well as answers to specific questions bearing upon aspects of negligence raised in the complaint (items 4 through 9). Assuming a proper response to item 3, items 4 through 9 would be redundant and are therefore stricken from the demand. However, we consider that a proper answer to item 3 would be both vague and unresponsive were it to fail to include the following information: (1) the names of all negligent actors; (2) the manner in which the defendant departed from accepted medical practice; (3) whether improper or defective equipment was involved; (4) whether erroneous diagnoses were made and if so, as to what matters; (5) the names of any contraindicated drugs or drugs which were administered in improper dosages; and (6) the names of whatever surgical procedures were negligently performed and the impropriety involved in each.
As previously indicated, this action is in part for wrongful death, and items 16 (b) and 16 (c) request the specific amounts received by each of the next of kin from the deceased during the five-year period immediately prior to death and the dates upon which the sums of money were received. It was held in Chinery v Brooklyn Union Gas Co. (258 App Div 727), that in a death action, the defendant was entitled to know the basis for the claim for damages. However, the specific amounts and dates of any payments to relatives is manifestly evidentiary in nature and is properly the subject of examinations before trial or other disclosure devices. Items 16 (b) and 16 (c) are therefore stricken.
Item 17 requests the Social Security number of the decedent. This information is not material to any element of the causes of action alleged, and would not serve to amplify any aspect of the pleadings. The primary usefulness of the decedent’s Social Security number is as a tool for acquiring evidence. Since evidence itself is not the proper subject of a bill of particulars, a mere device for its acquisition is a fortiori inappropriately requested. Item 17 is therefore stricken.
Item 18 requests information concerning whether claim *523 ant has received reimbursement for economic loss from any collateral sources. By virtue of CPLR 4010, evidence that the plaintiff in a malpractice action has been compensated in whole or in part for economic loss from sources such as insurance is admissible upon trial. However, such evidence is offered by the defendant for the purpose of mitigating damages. A party may not demand particulars concerning matters upon which it possesses the burden of proof. (Matter of Mullin, 143 Misc 256, affd 240 App Div 996, affd 265 NY 491.) Item 18 is therefore stricken.
Accordingly, defendant’s demand for a verified bill of particulars is modified as indicated above.
Order signed.