■ RALPH V. TWIDDY, JR., et al., Respondents, v STANDARD MARINE TRANSPORT SERVICES, INC., et al., Appellants.—Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about October 6, 1989, which, *inter alia,* denied that part of defendants' motion, pursuant to CPLR 3042 (a), seeking to vacate plaintiffs' demand for a verified bill of particulars with respect to defendants' affirmative defenses and directed defendants' compliance therewith, unanimously modified, on the law and on the facts and in the exercise of discretion, to the extent of striking items numbered 1, 5, 9, 13, 17, 21, 25, 29 and 33 of said demand insofar as they seek to elicit those statutes, regulations, citations or other legal authorities relied upon by defendants in their affirmative defenses and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff, seriously injured in an explosion aboard a barge, has sued defendants, alleging, *inter alia,* negligence. In their answer, defendants asserted a number of affirmative defenses, as to which plaintiff thereafter served a demand, containing 36 enumerated requests, for a verified bill of particulars. Defendants moved to vacate the demand, alleging, essentially,

that it is overbroad and improper since it seeks information which is generally obtained through discovery and not a demand for a bill of particulars. The IAS court directed defendants to serve a bill of particulars, as demanded, on the affirmative defenses.

The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial. *(Palazzo v Abbate,* 45 AD2d 760.) While a bill of particulars is not an evidence-producing device *(supra),* the rule is not an inflexible one. *(See, e.g., Hayes v Utica Mut. Ins. Co.,* 24 AD2d 829; *see also,* Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C3041:2, at 623.)

The information sought here by the demand for a bill of particulars is undisputably information which normally would be obtainable through discovery. There is, however, no showing that defendants will suffer any prejudice by providing the information requested. A rigid adherence to the purpose behind a bill of particulars in this case would only result in additional meaningless time-consuming motion practice. We thus decline to vacate plaintiffs' demand in its entirety. We note, however, that items 1, 5, 9, 13, 17, 21, 25, 29 and 33 of the demand require defendants to divulge each statute, regulation, citation or other legal authority upon which they will rely for their affirmative defenses at the time of trial. Since these affirmative defenses do not raise any allegation as to such violations, defendants are not obliged to specify the relied-upon statutes, regulations, ordinances, citations or legal authority. *(Kwang Sik Kim v A & K Plastic Prods.,* 133 AD2d 219, 220.) Accordingly, those requests in items 1, 5, 9, 13, 17, 21, 25, 29 and 33 of plaintiffs' demand which seek the specification of statutes, regulations, citations or other legal authorities are stricken. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.