OPINION OF THE COURT
Margaret Cammer, J.
Defendants, by counsel, seek to preclude and/or dismiss this pro se action on the ground plaintiff has failed to provide particulars demanded of her and has failed to provide responses to defendants’ discovery demands. For the reasons stated below, the motion is denied, on default, with leave to serve a new demand for a bill of particulars and new discovery requests in accordance with this order.
*478 Plaintiff brought this action for “medical fraud, violation of civil rights and failure to release from 1/4/96 to 2/2/96,” claiming negligence and malpractice. She alleges, among other things, that defendants refused to allow her to leave its facility and refused to “assign psychiatrists who wouldn’t belittle/ defame/patronize/ridicule & act and speak apathetically (sometimes yawning) toward Plaintiff.”
The demands for a bill of particulars from defendant hospital and defendant doctor each contain 35 items, many of which are broken down into various subdemands. Among the particulars sought from plaintiff is the length of time she’s lived at her residence and “the title, chapter and section [if any] of every statute ordinance, regulation or rule which [she] will claim has been violated by defendant hospital and the manner in which each violation caused or will contribute to the alleged injuries.” Plaintiff is also asked for “the names of each and every physician and/or medical facility, including mental health professionals, that treated plaintiff for the conditions alleged in the Verified Complaint, and include addresses and dates of treatment.” The demands seek “the name and address of each psychologist and/or psychiatrist rendering treatment and/or advice to the plaintiff from 1990 until the present time.” Plaintiff is also asked “which medication, or other treatment or surgical procedure was improper and the precise manner in which such medication, treatment or other surgical procedure should have been performed.”
It is by now axiomatic that the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial, not to gather evidence. (Bouton v County of Suffolk, 125 AD2d 620; Palazzo v Abbate, 45 AD2d 760.) However, the rule that a bill of particulars is not an evidence-producing device is not inflexible. The court can overlook the (mis)use of the demand for a bill of particulars provided the information sought would normally be obtainable through discovery. (See, e.g., Twiddy v Standard Mar. Transp. Servs., 162 AD2d 264.) Here, however, it is evident that the method of disclosure is as inappropriate as the substantive requests. For example, it is difficult to discern the relevance of how long plaintiff has lived at her current address. Likewise, since the gravamen of plaintiff’s claim is not statutory, the legal authority upon which she is proceeding is not material and necessary at this juncture. A request for the names and addresses of any doctors who may have treated plaintiff — particularly for the six years before the alleged incident — is overbroad and most probably irrelevant. It *479 is plainly unacceptable to ask plaintiff — especially when she is proceeding pro se — to provide information that should be obtained from medical reports, namely, which “medication, or other treatment or surgical procedure was improper.” It is equally inappropriate to ask plaintiff to state which “medication, or other treatment or surgical procedure should have been performed” since that is not her burden and, in any event, would not be known to her.
The within complaint indicates a vulnerable plaintiff; the demands that are the subject of this motion display an effort to take advantage of that vulnerability. The court has a duty to supervise disclosure. (CPLR 3104 [a].) Thus, it may, on its own initiative, issue a protective order so as to prevent disadvantage or other prejudice to a litigant. (CPLR 3103 [a].) Therefore, notwithstanding plaintiffs default on this motion, defendants’ motion is denied in its entirety. The denial is without prejudice to defendants’ service of an appropriate demand for a bill of particulars or other disclosure device as well as reservice of the demand for discovery and inspection.