■ FARRUKH SHEIKH, Appellant, v S. N. SINHA, Respondent. [707 NYS2d 241] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated May 17, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this action to recover damages for medical malpractice, the defendant made a prima facie showing of his entitlement to judgment in his favor as a matter of law. The burden then shifted to the plaintiff to lay bare his proof and demonstrate the existence of a triable issue of fact (*see, Kaplan v Hamilton Med. Assocs.,* 262 AD2d 609). That required a showing that the defendant departed from accepted medical practice, as well as a nexus between the alleged malpractice and the plaintiff's injury (*see, Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358).

The affidavit by the defendant's expert submitted in support of the motion referred to the plaintiff's admission in his deposition testimony that he ingested three times the prescribed dosage of hydrochlorothiazide. The defendant's expert concluded that it was this self-administered overdose which caused the plaintiff's collapse. Since the plaintiff's expert failed to address this issue, the plaintiff failed to raise a triable issue of fact as

to whether the defendant's actions were a proximate cause of his injuries.

The plaintiff's attempt to raise a triable issue of fact by amending the responses he gave at his deposition must be rejected. The plaintiff's failure to object to the deposition proceeding in the absence of an interpreter operated as a waiver of his claim that he did not understand the questions he was asked (*see,* CPLR 3115 [b]). Moreover, the plaintiff's belated attempt to amend the transcript of his deposition testimony 18 months after any changes were required to be served on the defendant is untimely (*see,* CPLR 3116 [a]). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.