■ SELENA S. HARRIS, Respondent, v ARIEL TRANSPORTATION CORP. et al., Appellants, et al., Defendant. [830 NYS2d 121]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 2, 2006, which denied the motion by defendants Ariel Transportation and Diop to compel service of a more responsive bill of particulars, or for an order of preclusion, unanimously affirmed, without costs.

Plaintiff alleges that she sustained personal injury in a motor vehicle accident. In response to the demand by Ariel and Diop for a bill of particulars as to the nature of her permanent injury,

plaintiff alleged that she sustained cervical bulges at C4-C5, C5-C6 and C6-C7, but she also stated that these bulges preexisted the accident. Ariel and Diop moved to compel a further response to their demand, seeking a specific statement as to the injury sustained, i.e., whether the bulges were caused or simply aggravated by the accident.

"The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" (*Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265 [1990]). It need not set forth a matter that is evidentiary in nature, which is more appropriately obtained through depositions and expert disclosure (*see Felock v Albany Med. Ctr. Hosp.*, 258 AD2d 772, 773 [1999]). Ariel and Diop seek evidentiary matter not within the scope of a bill of particulars. Plaintiff's response apprises defendants of the nature of the injury (CPLR 3043 [a] [6]), which is sufficient for their defense of the claim. Concur—Tom, J.P., Saxe, Sweeny, Malone and Kavanagh, JJ.