■ G.P., an Infant, by and through JOHN PIATKO and Another, Her Parents and Natural Guardians, et al., Respondents, v CHILDREN'S HOSPITAL OF BUFFALO et al., Appellants. [846 NYS2d 522]—

Appeals from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered September 15, 2006 in a medical malpractice action. The order, among other things, denied the motion of defendant Linda Brodsky, M.D. for summary judgment dismissing the complaint and cross claim against her and denied the cross motion of defendant Children's Hospital of Buffalo for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant Children's Hospital of Buffalo and dismissing the complaint and cross claim against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by plaintiff daughter (plaintiff) as the result of a surgical procedure performed by defendant Linda Brodsky, M.D. at defendant Children's Hospital of Buffalo (Hospital). Contrary to the contention of Brodsky, Supreme Court properly denied her motion for summary judgment dismissing the complaint and cross claim against her. Brodsky failed to establish that she did not depart from accepted medical practice or that plaintiff was not injured thereby, and she thus failed to meet her initial burden (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Santiago v Filstein*, 35 AD3d 184, 186 [2006]; *cf. Maust v Arseneau*, 116 AD2d 1012 [1986]).

We further conclude, however, that the court erred in denying the Hospital's cross motion for summary judgment dismissing

the complaint and cross claim against it, and we therefore modify the order accordingly. The Hospital met its initial burden by establishing that no act or omission on the part of its employees either resulted in or exacerbated plaintiff's alleged injuries (*see Estate of Mollo v Rothman*, 284 AD2d 299 [2001]; *cf. Kless v Paul T.S. Lee, M.D., P.C.*, 19 AD3d 1083 [2005]; *see generally Keevan v Rifkin*, 41 AD3d 661, 662 [2007]), and plaintiffs failed to raise an issue of fact sufficient to defeat the cross motion (*see Sheikh v Sinha*, 272 AD2d 465 [2000]; *see also Sledziewski v Cioffi*, 137 AD2d 186, 190 [1988]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although plaintiffs may have raised issues of fact concerning the Hospital's role in the destruction of video footage of plaintiff's surgery, plaintiffs failed to establish that the missing footage was relevant to the claims asserted against the Hospital. Thus, those issues of fact are insufficient to defeat the Hospital's entitlement to summary judgment (*cf. Sage Realty Corp. v Proskauer Rose*, 275 AD2d 11, 16-17 [2000], *lv dismissed* 96 NY2d 937 [2001]). Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.