■ ANGELA RUFFO SUITS et al., Respondents, v WYCKOFF HEIGHTS MEDICAL CENTER, Appellant, and WYCKOFF EMERGENCY MEDICINE SERVICES, P.C., et al., Respondents. [922 NYS2d 388]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered April 20, 2009, which denied the motion of defendant Wyckoff Heights Medical Center (Wyckoff) for partial summary judgment dismissing any independent claims against it, reversed, on the law, without costs, and the motion granted to the extent of dismissing any and all claims against Wyckoff other than those alleging vicarious liability for the negligence of defendant T. Abakporo, M.D. Order, same court (Alison Y. Tuitt, J.), entered March 2, 2010, which, insofar as appealed from as limited by the briefs, denied Wyckoff's motion to renew, unanimously dismissed, without costs, as academic.

In this medical malpractice action, plaintiffs allege that plaintiff Angela Ruffo Suits (plaintiff) sought emergency medical attention at Wyckoff for a severe abrasion on the lower part

of her left leg and that Wyckoff failed to provide proper treatment, causing the wound to become infected and gangrenous. Pursuant to a stipulation, plaintiffs added Wyckoff Emergency Medicine Services, P.C. (Services) and T. Abakporo, M.D., as defendants and filed an amended complaint in which they alleged upon information and belief that Dr. Abakporo was the "physician on staff" when plaintiff sought treatment and that Services was "the entity that attends to emergency services at Wyckoff."

To sustain a cause of action for medical malpractice, a plaintiff must prove a deviation or departure from accepted practice and that such departure was a proximate cause of the plaintiff's injury (*see Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 24 [2009]; *Alvarado v Miles*, 32 AD3d 255, 257 [2006], *affd* 9 NY3d 902 [2007]). Thus, on a motion for partial summary judgment, the movant has the initial burden of establishing the absence of any departure from good and accepted practice, or that the plaintiff was not injured by any departure (*see Thurston v Interfaith Med. Ctr.*, 66 AD3d 999, 1001 [2009]). It is only after the movant has carried its prima facie burden that the nonmoving party is required to submit competent proof in opposition for the purpose of establishing the presence of material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

A hospital may not be held concurrently liable for injuries suffered by a patient who is under the care of a private attending physician chosen by the patient where the resident physicians and nurses employed by the hospital merely carry out the orders of the private attending physician, unless the hospital staff commits "independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (*Cerny v Williams*, 32 AD3d 881, 883 [2006]; *see also Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). Further, a hospital cannot ordinarily be held vicariously liable for the malpractice of a private attending physician who is not its employee unless a patient comes to the emergency room seeking treatment from the hospital, and not from a particular physician of the patient's choosing, and there is created an apparent or ostensible agency by estoppel (*see Schultz v Shreedhar*, 66 AD3d 666, 666 [2009]; *Salvatore v Winthrop Univ. Med. Ctr.*, 36 AD3d 887, 888 [2007]).

In its post-note of issue motion, Wyckoff moved for partial summary judgment seeking the limited relief of an adjudication "that there are no independent claims against" it. Because Wyckoff did not move to dismiss the claims against it based on its vicarious liability for Dr. Abakporo's alleged negligence, whether as an independent contractor or employee, Supreme

Court erred when it denied the motion on the ground that Wyckoff failed to meet its burden of proof of proffering any documentary proof "evidencing the independent contractor relationship between Dr. Abakporo and the hospital."

As to the relief that Wyckoff did seek, i.e., the dismissal of any independent claims against it, it was incumbent on Wyckoff to address and rebut any specific allegations of malpractice set forth in plaintiffs' bill of particulars (*see Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874, 875 [2008]; *Terranova v Finklea*, 45 AD3d 572, 573 [2007]).

In their verified bill of particulars, plaintiffs alleged that "defendant, its servants, agents and employees were negligent in failing to recognize the extent and serious nature of [plaintiff's] injuries upon presenting to the emergency room; in failing to properly debride her wounds; in failing to take x-rays, in failing to administer medication such as betadine or other topical antibacterial aid; in failing to administer or prescribe antibiotics; in failing to otherwise administer proper first aid treatment; in failing to properly instruct the patient in the care of the injury." Plaintiffs further alleged that "[u]pon information and belief, the person who was negligent was T. Abakaporo M.D." and that Wyckoff was vicariously liable "due to the fact that the defendant is a hospital and hired a staff to do emergency services. The staff, especially the emergency doctor (who we are informed is T. Abakaporo, M.D.) whose actions or omissions are responsible for this liability [*sic*]."

" 'The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial' " (*Harris v Ariel Transp. Corp.*, 37 AD3d 308, 309 [2007], quoting *Twiddy v Standard Mar. Transp. Servs.*, 162 AD2d 264, 265 [1990]). "[R]esponses to a demand for a bill must clearly detail the specific acts of negligence attributed to each defendant" (*Miccarelli v Fleiss*, 219 AD2d 469, 470 [1995]; *see Batson v La Guardia Hosp.*, 194 AD2d 705 [1993]). Given that the only person identified by plaintiffs as being negligent was Dr. Abakporo and that plaintiffs failed to distinguish any separate alleged acts and omissions of Wyckoff's staff, Wyckoff sustained its prima facie burden of establishing that there were no independent claims against it and that it can only be held vicariously liable for Dr. Abakporo. Plaintiffs did not specify any independent acts of negligence by Wyckoff's staff and "our jurisprudence does not 'require a defendant [moving for summary judgment] to prove a negative on an issue as to which [it] does not bear the burden of proof' " (*Martinez v Hunts Point Coop. Mkt., Inc.*, 79 AD3d 569, 570 [2010], quoting *Strowman v*

*Great Atl. & Pac. Tea Co.*, 252 AD2d 384, 385 [1998]; *see also Wellington v Manmall, LLC*, 70 AD3d 401, 401 [2010]).

Plaintiffs did not sustain their burden in that there is no evidence that anyone but Dr. Abakporo managed plaintiff's care and no indication that hospital staff did not follow his orders. "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice," do not suffice (*Alvarez*, 68 NY2d at 325; *see also Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]).

Accordingly, Wyckoff was entitled to partial summary judgment dismissing any and all claims against it other than those alleging vicarious liability for the negligence of Dr. Abakporo. In view of this determination, we dismiss the appeal from the order denying renewal as academic. Concur—Andrias, J.P., Moskowitz and Freedman, JJ.

Saxe and Acosta, JJ., dissent in a memorandum by Acosta, J., as follows: I respectfully dissent because in my opinion defendant Wyckoff Heights failed to establish its prima facie entitlement to summary judgment as to any independent claims against it.

The allegations made by plaintiffs in their complaint and bill of particulars encompassed any negligence attributable to the failure to act by defendant Wyckoff Heights, its employees, agents or personnel. Consequently, in order to prevail on its summary judgment motion, Wyckoff Heights was required to submit evidence in support of its claim that only Dr. Abakporo was negligent (*see G.P. v Children's Hosp. of Buffalo*, 45 AD3d 1484 [2007] [holding that hospital has the burden of establishing that no act or omission on the part of its employees either resulted in or exacerbated plaintiff's alleged injuries]; *see also Toth v Bloshinsky*, 39 AD3d 848, 850 [2007] [affirming a motion for summary judgment on the ground that the "defendant hospital demonstrated, prima facie, that it (did not) commit() independent acts of negligence"]).

Wyckoff Heights, however, failed to make a prima facie showing that neither it nor its employees committed independent acts of negligence (*see Fiorentino v Wenger*, 19 NY2d 407, 414 [1967] ["(w)here a hospital's alleged misconduct involves an omission to act, the hospital will not be held responsible unless it had reason to know that it should have acted within the duty it concededly had"]). Indeed, in its motion for partial summary judgment, Wyckoff Heights merely attached the pleadings and bill of particulars. Significantly, Abakporo's deposition testimony

was not included.* Thus, Wyckoff Heights failed to establish its prima facie entitlement to summary judgment, and accordingly the burden never shifted to plaintiff to produce evidentiary proof sufficient to establish the existence of a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

That plaintiffs' bill of particulars stated that plaintiffs believed that the injuries were caused by Dr. Abakporo's negligence is of no moment inasmuch as the underlying pleadings must be liberally construed (CPLR 3026). In any event, plaintiffs' action is not limited to the wording in the bill of particulars cited by the majority, especially when plaintiffs also stated that their claim was against Wyckoff Heights' *employees and agents* (*see Toth v Bloshinsky*, 39 AD3d at 849 [holding that all that was required of the plaintiff in serving a bill of particulars was to "provide a general statement of the acts or omissions constituting the alleged negligence"]). In short, the specific wording of the bill of particulars cited by the majority did not relieve Wyckoff Heights of its obligation to establish its prima facie entitlement to summary judgment with proof in admissible form.

Defendant's motion to renew was correctly denied since the deposition transcript proffered upon renewal existed at the time the original motion was made, and defendant failed to proffer any reasonable excuse for its failure to obtain a copy of the transcript from codefendant's counsel before making that motion (*see* CPLR 2221 [e]; *Silverman v Leucadia Inc.*, 159 AD2d 254 [1990]).

---

* Had Wyckoff Heights attached Abakporo's deposition, the flaw in its argument would have been even more apparent. Abakporo noted that "anyone" could have debrided plaintiff's wound, and he did not have to authorize such actions—with the sole exception of nurses. Significantly, Abakporo's testimony suggests that there were other individuals, including an orthopedist or podiatrist and apparently a resident, with the capacity to assist plaintiff. Moreover, Abakporo documented plaintiff's injury in the hospital charts, which presumably would have been available to the staff (*see Fiorentino v Wenger*, 19 NY2d at 414).