■ MERCEDES COLWIN, Respondent, v BRUCE KATZ, M.D., et
al., Appellants. [934 NYS2d 309]—

In this medical malpractice action, plaintiff alleges that she
suffered personal injuries as a result of defendants' perform-
ance of cosmetic surgery. In her bill of particulars, plaintiff al-
leges that she sustained, among other things, lymphedema in
her right leg resulting in "pain and tenderness in her right leg,
knee, ankle and foot, restriction of motion . . . weakness, in-
ability to bear weight, loss of function and the articulations,
[and] aggravation of a preexisting latent and asymptomatic
degenerative condition." Defendants moved to compel a further
response to their demands, seeking a specific statement as to
the injury sustained, i.e., whether the lymphedema was caused
or simply aggravated by the alleged malpractice.

"The purpose of a bill of particulars is to amplify the plead-
ings, limit the proof and prevent surprise at trial" (*Harris v
Ariel Transp. Corp.*, 37 AD3d 308, 309 [2007]; *Twiddy v Stan-*

*dard Mar. Transp. Servs.*, 162 AD2d 264, 265 [1990]). It need not set forth a matter that is evidentiary in nature, which is more appropriately obtained through depositions and expert disclosure (*see Harris*, 37 AD3d at 309). Not only was it permissible for plaintiff to amplify the nature of her injuries in the bill of particulars (*see Anderson v Dainack*, 39 AD3d 1065, 1068 [2007]; *Behan v Data Probe Intl.*, 213 AD2d 439, 440 [1995]; *cf. Barrera v City of New York*, 265 AD2d 516, 518 [1999]), defendants seek evidentiary matter not within the scope of a bill of particulars (*see Harris*, 37 AD3d at 309). Plaintiff's response, which includes medical records that illuminate her preexisting injuries or condition (*see Sobel v Midchester Jewish Ctr.*, 52 AD2d 944 [1976]), is sufficient to apprise defendants of the nature of the injury (CPLR 3043 [a] [6]). Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.