Bank of Am., N.A. v Filho (2022 NY Slip Op 02055)





Bank of Am., N.A. v Filho


2022 NY Slip Op 02055


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 654603/19 Appeal No. 15572 Case No. 2021-04185 

[*1]Bank of America, N.A., Plaintiff-Appellant,
v
Antonio Abdalla Filho et al., Defendants-Respondents.


Vedder Price P.C., New York (Daniel C. Green of counsel), and Moore & Van Allen PLLC, Charlotte, NC (Christopher D. Tomlinson of the bar of the State of North Carolina, admitted pro hac vice, of counsel), for appellant.
Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about September 15, 2021, which, to the extent appealed from as limited by the briefs, upon renewal and reargument, denied plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in granting leave to reargue and, upon reargument, denying plaintiff's CPLR 3213 motion (CPLR 2222[d][2]). On its initial CPLR 3213 motion, regardless of the substance or sufficiency of the guarantors' opposition, plaintiff failed to make a prima facie showing of entitlement to summary judgment in lieu of complaint for the guaranties at issue (see Urbanski v Mulieri, 287 AD2d 710, 711 [2d Dept 2001]). Each of the guaranties at issue states that it is a "guaranty of payment and performance" of the aircraft lease and that if there is a default, the guarantor "shall (i) punctually pay any such Obligations requiring the payment of money . . . and (ii) punctually perform any and all Obligations not requiring the payment of money." Furthermore, the guaranties' defined term "Obligations" groups both payment and performance obligations together, and therefore promise both payment and performance. For that reason, summary judgment in lieu of complaint is not appropriate, as CPLR 3213 allows actions based upon instruments for the payment of money only (see Punch Fashion, LLC v Merchant Factors Corp., 180 AD3d 520, 521 [1st Dept 2020], lv dismissed 35 NY3d 1124 [2020]; JFURTI, LLC v First Capital Real Estate Advisors, L.P., 165 AD3d 419, 421 [1st Dept 2018]).
In light of our decision, we need not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022