| |
|---|
| **XBase Digital Inc. v Nash** |
| 2024 NY Slip Op 31073(U) |
| March 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158082/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART **33M** |
| *Justice* | |

-----------------------------------------------------------------------X

XBASE DIGITAL INCORPORATED,

                         Plaintiff,

- v -

PAUL NASH, BRITEBANC HOLDINGS LTD., KENNETH
EPPERS, EPPERS CONSULTING,

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158082/2022 |
| MOTION DATE | 07/26/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for                 **REARGUMENT/RECONSIDERATION**    .

Upon the foregoing documents, there being no opposition and good cause having been shown, Plaintiff XBase Digital Incorporated's ("Plaintiff") motion for leave to reargue this Court's June 30, 2023 Decision and Order (NSYCEF Doc. 37) is granted. Upon reargument, Plaintiff's motion for default judgment against Defendant Britebanc Holdings LTD ("Britebanc") is granted. Further, upon reargument, Plaintiff's motion for a money judgment on default against Defendants Paul Nash, Kenneth Eppers, Eppers Consulting and Britebanc Holdings LTD ("Defendants"), jointly and severally, is granted.

## I.    Background and Procedural History

By Decision and Order dated June 30, 2023 (the "Prior Decision"), this Court granted Plaintiff's motion for default judgment against all defendants except Britebanc (the "Defaulting Defendants") (NYSCEF Doc. 37). Additionally, the June 30, 2024 Decision and Order directed an inquest on damages against the Defaulting Defendants on Plaintiff's First Cause of Action alleging breach of contract, and Second Cause of Action alleging fraud (*Id.*). In that decision, the Court

**158082/2022 XBASE DIGITAL INCORPORATED vs. NASH, PAUL ET AL**
**Motion No. 003**

Page 1 of 4

denied default judgment against Britebanc on the ground that Plaintiff had failed to adequately prove service upon Britebanc (NYSCEF Doc. 37 at 2).

On July 26, 2023, Plaintiff brought the instant motion, without opposition, for leave to reargue the June 30, 2023 Decision and Order, and upon reargument, for an Order (1) granting summary judgment against Britebanc in the sum of $500,000; and (2) vacating the requirement that an inquest be held in this matter and granting summary judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the amount of $500,000, with interest, costs, and disbursements (NYSCEF Doc. 35).

## II. Discussion

### a. Leave to Reargue is Granted

Pursuant to CPLR § 2221(d)(2), leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion. Whether to grant leave to renew or reargue is in the discretion of the Court (*Bank of America, N.A. v Filho*, 203 AD3d 594 [1st Dept 2022]; *Fulton Market Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C.*, 158 AD3d 502 [1st Dept 2018]). The Court finds that there are grounds to grant leave to reargue, as set forth below.

In the case at bar, leave to reargue is appropriate because the Court overlooked the fact that although Plaintiff failed to serve Britebanc in accordance with CPLR 306, personal jurisdiction was established over Britebanc, pursuant to CPLR 320(b), through Britebanc's Notice of Appearance and Demand dated November 4, 2022 (NYSCEF Doc. 38).

Additionally, in ordering an inquest on damages against the Defaulting Defendants, the Court overlooked the fact that Plaintiff's claim is for a sum certain, rendering an inquest unnecessary.

**158082/2022   XBASE DIGITAL INCORPORATED vs. NASH, PAUL ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

    b. Upon Reargument, Plaintiff's Motion for Default Judgment Against Britebank is Granted.

The First Department has held that "[a]n appearance by a defendant is equivalent to personal service of the summons upon it, unless objection to jurisdiction is asserted either in a pre-answer CPLR 3211 motion or in the answer" (*Urena v NYNEX, Inc.* 223 AD2d 442, 443 [1st Dept 1996]). Upon review, the Court finds that the June 30, 2023 Decision and Order (NSYCEF Doc. 37) erred in denying default judgment against Britebanc, as Britebanc's Notice of Appearance dated November 4, 2022 (NYSCEF Doc. 38) was the equivalent of personal service upon it. Accordingly, Plaintiff's motion for default judgment against Defendant Britebanc is granted.

    c. Upon Reargument, Plaintiff's Motion for a Money Judgment Against Defendants is Granted

It is well established that, when awarding summary judgment on default, there is no need for an inquest on damages when the amount in dispute is for a sum certain (*Transit Graphics Ltd. v Arco Distributing , Inc.* 202 AD2d 241 [1st Dept 1994]). The Court of Appeals has held that the term "sum certain" "contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments" (*Reynolds Secur., Inc. v Underwriters Bank & Trust Co.* 44 NY2d 568, 572 [1978]).

In this case, upon review, the Court finds that Plaintiff seeks a monetary judgment for $500,000, which was allegedly paid to Defendants for the purchase of Bitcoins which were never received (NYSCEF Doc. 40). In accordance with the above outlined criteria, the $500,000 sum sought by Plaintiff constitutes sum certain (NYSCEF Doc. 40). Accordingly, an inquest is not needed, and Plaintiff's motion for a judgment on default in the sum of $500,000 is granted against Defendants, jointly and severally.

**158082/2022  XBASE DIGITAL INCORPORATED vs. NASH, PAUL ET AL**
**Motion No.  003**

**Page 3 of 4**

3 of 4

[* 3]

Accordingly, it is hereby,

ORDERED that Plaintiff XBase Digital Incorporated's motion for leave to reargue is granted; and it is further

ORDERED that upon reargument, the Court's prior Decision and Order dated June 30, 2023 (NYSCEF Doc. 37) is superseded and amended by this Decision and Order only to the extent as set forth below; and it is further

ORDERED that Plaintiff XBase Digital Incorporated's motion for default judgment against Defendant Britebanc Holdings LTD is granted; and it is further

ORDERED that Plaintiff XBase Digital Incorporated's motion for a money judgment on default against Defendants Paul Nash, Kenneth Eppers, Eppers Consulting and Britebanc Holdings LTD, jointly and severally, is granted in the amount of $500,000.00, plus statutory interest from September 21, 2022 (the commencement of this action) through entry of judgment, as calculated by the Clerk of the Court, together with costs and disbursements as taxed by the Clerk of the Court upon submission of an appropriate bill of costs; and it is further

ORDERED that within ten (10) days of entry, counsel for Plaintiff XBase Digital Incorporated shall serve a copy of this Decision and Order, with notice of entry, on all parties to this action; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 3/29/2024 | | | | _Mry V Rued_ JSC | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | x | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158082/2022  XBASE DIGITAL INCORPORATED vs. NASH, PAUL ET AL**
**Motion No.  003**

Page 4 of 4