**Chao Hui Lin v Wellcare Acupuncture P.C.**

2024 NY Slip Op 32379(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No.: 159265/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO

_Justice_

PART          33M

------------------------------------------------------------------------X

CHAO HUI LIN,

INDEX NO.          159265/2021

MOTION DATE        11/10/2023

Plaintiff,

MOTION SEQ. NO.        003

- v -

WELLCARE ACUPUNCTURE P.C., CHANG XIAN ZOU, CARLOS M. NEGRON

**DECISION + ORDER ON MOTION**

Defendants.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 137

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

Upon the foregoing documents, there being no opposition and good cause having been shown, Defendant Wellcare Acupuncture, P.C.'s ("Wellcare") motion for an Order granting leave to reargue the August 10, 2024 Decision and Order (the "August 10 Order") (NYSCEF Doc. 124) is granted. Upon reargument, Wellcare's motion seeking an Order compelling Plaintiff to respond to Wellcare's demands pursuant to CPLR 3124 is granted, and the remainder of the motion is denied.

## I.      Discussion

### a.    Leave to Reargue is Granted

Pursuant to CPLR § 2221(d)(2), leave to reargue shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion. Whether to grant leave to renew or reargue is in the discretion of the Court (*Bank of America, N.A. v Filho*, 203 AD3d 594 [1st Dept 2022]; *Fulton Market Retail Fish Inc. v Todtman, Nachamie, Spizz &*

159265/2021   LIN, CHAO HUI vs. WELLCARE ACUPUNCTURE P.C. ET AL
Motion No. 003

Page 1 of 4

*Johns, P.C.*, 158 AD3d 502 [1st Dept 2018]). The Court finds that there are grounds to grant leave to reargue, as set forth below.

In the case at bar, leave to reargue is appropriate because the Court overlooked that the Status Conference Order dated May 10, 2023 conditionally granted the parties leave to file discovery motions (NYSCEF Doc. 125).

        b.   Requests Numbered 1-7 and 16 in Wellcare's July 3, 2022 Demand for the Production of Documents are Proper

In Plaintiff's April 3, 2023 Response to Wellcare's July 3, 2022 NDI Plaintiff objected to Wellcare's demands numbered 1-5 on the grounds that they are "improperly overbroad, unduly burdensome, vague, incomprehensible and/or evidentiary demands" (NSYCEF Doc. 64 at 3). Upon review the Court finds that Wellcare's demands numbered 1-5 are proper and Plaintiff's objections are without merit.

While Plaintiff's April 3, 2023 Response to Wellcare's NDI, with respect to Wellcare's requests numbered 6-7 asserted that "Wellcare's records are being provided with the within response" (NSYCEF Doc. 64 at 3), the record shows that Plaintiff failed to attach any records to his April 3, 2023 response.

In response to Wellcare's NDI request number 16, Plaintiff made no objection and asserted that "Plaintiff has a disc with images from Beth Israel/mto Sinai which [they] will have copied and provided" (NYSCEF Doc. 64 at 3). However, the record shows that the only images provided by Plaintiff are four photographs of Plaintiff in the hospital (NYSCEF Doc. 65).

Accordingly, Plaintiff is hereby ordered to produce documents responsive to Plaintiff's demands numbered 1-7 and 16 within 30 days. If no such documents exist, Plaintiff is ordered to produce an affidavit stating so within 30 days.

**159265/2021   LIN, CHAO HUI vs. WELLCARE ACUPUNCTURE P.C. ET AL**
**Motion No.  003**

**Page 2 of 4**

2 of 4

c. Demands Numbered 2-3 in Wellcare's Supplemental Demand for a Bill of Particulars are Improper

Demands numbered 2-3 in Wellcare's Supplemental Demand for a Bill of Particulars dated July 26, 2022 demands an additional verified bill of particulars (2) identifying with specificity the dates on which Plaintiff received acupuncture services at Wellcare; and (3) stating whether Plaintiff had a prescription or referral for acupuncture services that she used at Wellcare between 2014 and the present and if so, providing the name of the doctor who provided the prescription or referral and the date the prescription or referral was made (NYSCEF Doc. 38 at 1-2).

It is well established that "[t]he purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" (*Harris v Ariel Transp. Corp.*, 37 AD3d 308 [1st Dept 2007] quoting *Twiddy v Standard Marine Transport Services, Inc.*, 162 AD2d 264 [1st Dept 1990]). Further, a bill of particulars need not set forth matters that are evidentiary in nature, and is sufficient where it "apprises defendants of the nature of the injury…which is sufficient for the defense of the claim" (*Harris v Ariel Transp. Corp.*, 37 AD3d 308 [1st Dept 2007]).

Plaintiff's September 5, 2022 Bill of Particulars stated, *inter alia*, that Plaintiff's injuries occurred on May 26, 2019 while Plaintiff was receiving treatment from Wellcare (NYSCEF Doc. 44 at 1-2). As such, the Court finds that Plaintiff's Bill of Particulars has sufficiently apprised Wellcare of the nature of Plaintiff's alleged injury sufficiently for Wellcare to defend against the claims.

Accordingly, it is hereby,

ORDERED that Defendant Wellcare Acupuncture, P.C.'s motion for an Order granting leave to reargue the August 10, 2024 Decision and Order (NYSCEF Doc. 124) is granted; and it is further

**159265/2021   LIN, CHAO HUI vs. WELLCARE ACUPUNCTURE P.C. ET AL**
**Motion No. 003**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that upon reargument this Court's Decision and Order dated August 10, 2023 (NYSCEF Doc. 124) is vacated and Plaintiff Chao Hui Lin is ordered to produce documents responsive to demands numbered 1-7 and 16 in Wellcare's NDI dated July 3, 2022 (NYSCEF Doc. 29) within 30 days. Failure of Plaintiff to abide by this directive may result in the imposition of sanctions; and it is further

ORDERED that upon reargument, Defendant Wellcare Acupuncture, P.C.'s motion for attorneys' fees and for sanctions pursuant to CPLR 3126 is denied; and it is further

ORDERED that on or before August 13, 2024, the parties in this case shall submit a proposed Status Conference Order via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference on August 14, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within 10 days of entry, counsel for Defendant Wellcare Acupuncture, P.C. shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | | | | | |
|---|---|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | | |
| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

159265/2021  LIN, CHAO HUI vs. WELLCARE ACUPUNCTURE P.C. ET AL
Motion No. 003

Page 4 of 4