# (April 20, 1982)

■ SINGER WAREHOUSE & TRUCKING CORP., Appellant-Respondent, v NATHAN DUSKIN et al., Individually and Doing Business as DUSKIN BROS., Respondents-Appellants, and BESTWAY FOODS, INC., Also Known as BESTWAY FOODS CORP., et al., Respondents, et al., Defendants. — Order, Supreme Court, Bronx County (Kent, J.), entered January 6, 1982, which, in an action to recover damages resulting from an alleged conspiracy between defendants and plaintiff's former warehouse manager, denied plaintiff's motion to impose sanctions against defendants Bestway Foods, Inc., John Sarlo and Nathan Duskin and Bernard Duskin for failure to appear at a deposition, denied plaintiff's motion to direct Sarlo to comply with its demand for his address, and directed plaintiff

to serve a bill of particulars within 20 days, unanimously modified, on the law and on the facts, without costs, to direct Bestway Foods, Inc. to appear with the Duskins and plaintiff for an examination before trial at Special II on the 20th day of May, 1982 or at such time and place as the parties may agree to, the defendants to be deposed first; to strike the demand for a bill of particulars with leave to serve a more limited demand after completion of depositions; and to dismiss the complaint against Sarlo, and otherwise affirmed. Special Term's failure to direct a deposition of Bestway Foods, Inc. appears to have been an oversight, the same considerations applying to that defendant as applied to the Duskins whose depositions were directed. The demand for a bill of particulars seeks details more appropriately developed at a deposition and not consonant with the purposes of a bill of particulars which are to amplify a pleading, limit proof, and prevent surprise at trial. (See *Berkey Photo v Movielab, Inc.*, 37 AD2d 549.) Accordingly, the demand is struck. The circumstances of this litigation make it appropriate to defer the service of a bill of particulars until after the completion of depositions. (See 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.07.) The action against Sarlo is dismissed since it is now conceded that Sarlo was never served. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Asch, JJ.