■ PHILIPP BROTHERS EXPORT CORPORATION, Appellant, v ACERO PERUANO S.A. et al., Defendants, and TRANS-EUROPE EXPORT AND IMPORT COMPANY, INC., et al., Respondents. — Order of the Supreme Court, New York County (Nadel, J.), entered September 24, 1981, denying plaintiff's motion to vacate the demand for a bill of particulars served by defendants Trans-Europe Export and Import Company, Inc., Horvath Trading Company and Tibor Horvath, reversed, on the law and facts, with costs, and the motion to vacate the demand is granted with leave to defendants, if so advised, to serve a proper amended demand. Defendants served a demand for a bill of particulars 36 pages long, containing 141 subdemands set forth in 19 numbered questions. Sixteen of the subdemands require plaintiff to supply the "source of its information and belief." Thirty-five subdemands call for the production of documents. Approximately 73 subdemands require plaintiff to "specify in detail the factual basis" of various allegations of the complaint and to "state specifically" or to "state in detail" various other matters. A bill of particulars serves the purpose of amplifying a pleading, limiting the proof and preventing surprise at trial. Disclosure of evidentiary detail is not the function of a bill of particulars (*State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769). The demand herein requests a massive quantity of minute, detailed information of an evidentiary nature, which would be unreasonably burdensome to furnish. While some of the particulars demanded are proper "[t]he remedy, under the circumstances, is not successive prunings of the demand by Special Term and this court by eliminating some items and portions of others, but rather a vacatur of the entire demand". (*Carroad v Regensburg*, 17 AD2d 734.) Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Asch, JJ.