■ SALLY N. FORDE et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Adler, J.), dated September 29, 1981, as denied their motion for leave to enter a default judgment and for an assessment of damages. Order reversed, insofar as appealed from, on the law, without costs or disbursements, the provision which denied plaintiffs' motion is deleted and the motion is granted. The case is remitted to the Supreme Court, Kings County, for an assessment of damages against defendants. The excuses proffered by defendants for their failure to serve an answer until some nine months after receiving copies of the summons and complaint, and only subsequent to plaintiffs' motion for leave to enter a default judgment, amount to nothing more than law office failure (see *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900; *Barasch v Micucci*, 49 NY2d 594; *Bruno v Village of Port Chester*, 77 AD2d 580). Accordingly, plaintiffs are entitled to a default judgment and an assessment of damages against defendants. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.

■ FREQUENCY ELECTRONICS, INC., Respondent, v WE'RE ASSOCIATES COMPANY et al., Appellants. — In an action, *inter alia*, to permanently enjoin defendants from terminating plaintiff's leasehold interest in property owned by defendant We're Associates Company, defendants appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 22, 1982, which denied their motion for an order pursuant to CPLR 3042 vacating plaintiff's demand for a bill of particulars. Order reversed, with $50 costs and disbursements, and the motion to vacate the demand is granted, with leave to plaintiff, if it be so advised, to serve a proper amended demand. With respect to information within defendants' personal knowledge, service of a demand for a bill of particulars need not be deferred until after the completion of depositions (cf. *Singer Warehouse & Trucking Corp. v Duskin*, 87 AD2d 770; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.07). However, much of the information demanded by plaintiff is evidentiary in nature, and includes, *inter alia*, the names of potential witnesses. It is not the function of a bill of particulars to provide evidentiary material (see *Philipp Bros. Export Corp. v Acero Peruano S.A.*, 88 AD2d 529). Therefore, the demand must be vacated, with leave to plaintiff, if it be so advised, to serve a proper amended demand. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.