■ Richard Bardi, Appellant, v Robert S. Mosher et al., Respondents. [602 NYS2d 974] —Yesawich Jr., J. P. Appeals (1) from an order of the Supreme Court (Dier, J.), entered October 8, 1991 in Warren County, which denied plaintiff's motion for permission to appeal from a prior order of Supreme Court, (2) from an order of said court, entered April 6, 1992 in Warren County, which, *inter alia,* partially denied plaintiff's motion to vacate defendants' demand for a bill of particulars and discovery demands, and (3) from an order of said court, entered April 6, 1992 in Warren County, which denied plaintiff's motion to settle the record on appeal.

As a result of a dispute concerning their dog's nighttime barking, defendants, on separate occasions in August and September 1990, each signed a criminal information charging plaintiff with aggravated harassment, for which he was arrested and prosecuted. The charges were ultimately dismissed and plaintiff, proceeding *pro se,* thereafter brought this action for false arrest, malicious prosecution, fraud, nuisance, intentional infliction of emotional distress and abuse of process.

Issue was joined and motions and cross motions have been made. These various motions have resulted in four orders, three of which have been appealed; the order entered June 20, 1991, denying access to certain records of the Town of Thurman and the Warren County District Attorney, and denying plaintiff's application to supplement the complaint and add a party defendant, is not properly before us, as no notice of appeal was filed after plaintiff's motion for permission to appeal was denied (see, CPLR 5514 [a]).

The order entered October 8, 1991 denying plaintiff leave to appeal the June 20, 1991 order, apparently because an appeal from that order was available as of right, is affirmed (see, CPLR 5701 [a], [c]). As for the order entered April 6, 1992 denying plaintiff's motion to settle the record, appeal from that order was rendered moot when this Court granted plaintiff's subsequent motion to proceed on the record as it stands; sanctions for assertedly frivolous behavior are not appropriate.

There is merit, however, to plaintiff's appeal from another order entered April 6, 1992, this one denying a motion to vacate defendants' request for a bill of particulars and to vacate or modify defendants' combined discovery demands. As to this order, we are of the view that defendants' bill of particulars demand should have been vacated. That demand comprises 40 pages and 161 paragraphs, many of which seek evidentiary material, including the names and addresses of witnesses (see, Frequency Elecs. v We're Assocs. Co., 90 AD2d 822), or otherwise inappropriate information, such as details pertaining to matters on which defendants bear the burden of proof (see, Bounds v Mutual of Omaha Ins. Co., 37 AD2d 1008). These improper requests are, in many instances, interwoven in a single paragraph with other, permissible queries. Considered as a whole, the demand is unduly burdensome and palpably improper, and therefore should be vacated (see, Clark v Vicinanzo, 108 AD2d 984, 985; Philipp Bros. Export Corp. v Acero Peruano S.A., 88 AD2d 529).

Defendants' discovery demands, on the other hand, are not so general or overbroad as to require that they, too, be stricken. Although the requests use the terms "any" and "all", they nonetheless specify the target documents with sufficient precision (see, CPLR 3120 [a] [1] [i]; Mestman v Ariens Co., 135 AD2d 516, 517). Given the nature of the action, however, the demand for copies of plaintiff's tax returns for the years 1985 to 1991 is an unwarranted intrusion into plaintiff's personal affairs; plaintiff has not alleged loss of

wages or income, and defendants have not demonstrated that the tax returns contain any information not available from other, less sensitive sources *(see, Roth v American Colonial Ins. Co.,* 159 AD2d 370). That demand should have been stricken.

Mercure, Crew III, White and Casey, JJ., concur. Ordered that the order entered October 8, 1991 is affirmed, without costs. Ordered that the appeal from order entered April 6, 1992 denying plaintiff's motion to settle the record on appeal is dismissed, as moot, without costs. Ordered that the order entered April 6, 1992 partially denying plaintiff's discovery motion is modified, on the law, without costs, to the extent that plaintiff's motion to vacate defendants' demand for a bill of particulars is granted and plaintiff's motion to strike defendants' discovery demands is partially granted in accordance with this Court's decision, and, as so modified, affirmed.