## 235 W. 107th St., LLC v Martinez

2024 NY Slip Op 33389(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 150984/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**                    PART            14

*Justice*

-------------------------------------------------------------------------------X

235 WEST 107TH STREET, LLC,235 WEST 107TH STREET HOUSING DEVELOPMENT FUND CORPORATION,

|  |  |
|---|---|
| INDEX NO. | 150984/2023 |
| MOTION DATE | N/A, N/A, N/A |
| MOTION SEQ. NO. | 002 003 004 |

Plaintiff,

- v -

ANGELIC MARTINEZ,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 110, 111, 112, 113, 114, 115, 116, 117, 118, 123, 124, 125, 126, 128, 129, 130, 131, 132, 143, 144, 145, 146, 147, 150, 162, 163, 164, 166, 167, 168

were read on this motion to/for                    STRIKE PLEADINGS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 142, 148, 149, 184, 185

were read on this motion to/for                    INJUNCTION/RESTRAINING ORDER                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 165, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183

were read on this motion to/for                    INJUNCTION/RESTRAINING ORDER                    .

Motion Sequence Numbers 002, 003 and 004 are consolidated for disposition.

Plaintiffs' motion (MS002) to strike defendant's answer and defendant's cross-motion to vacate plaintiffs' demand for a bill of particulars are decided as described below. Defendant's motion for injunctive relief (MS003) is denied and plaintiffs' motion for injunctive relief (MS004) is granted as described below.

## Background

More than a year and a half ago, plaintiffs brought this case for an order directing defendant, a tenant in building owned by plaintiffs, to sign a temporary relocation agreement.

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 1 of 10**

1 of 10

Plaintiffs explain that they purchased the building with the intent to rehabilitate it and convert it to affordable and supportive housing. At the time this matter was commenced, defendant was purportedly one of 8 tenants who remained in the building (which has 84 single room occupancy ("SRO") units). Now she is the only remaining tenant who has refused to temporarily relocate.

Plaintiffs explains that phase 1 of the construction project is now done - that is, the renovation work on the vacant south side of the building is now finished and phase 2 (which involves the occupied north side) has commenced. They observe that, except for defendant, all of the tenants on the north side have temporarily relocated to the newly renovated south side of the building so the north side can be renovated. Defendant, however, still refuses to move. Plaintiffs observe that defendant was served with notices on August 5, 2024 and September 10, 2024 that she needed to temporarily relocate.

In this motion (MS004), plaintiffs seek an order requiring defendant to relocate and also seek to amend their complaint to add a cause of action for ejectment. They contend that defendant's intransigence threatens the completion of the project because there is an "end date" for the funding related to the renovation. Plaintiffs emphasize that 68 other current and future tenants may lose the opportunity to live in this renovated building if defendant does not relocate. Plaintiffs observe that they have even offered to give defendant two renovated units to live in while they finish the project.

Defendant contends that an ejectment action cannot be brought in Supreme Court and must, instead, be brought in Housing Court. She also brings her own motion for injunctive relief (MS003) in which she takes issue with many, many of the future conditions in the renovated building. She emphasizes that the tenants with the largest SRO units will see the size of their rooms reduced in the new building, certain kitchens will be eliminated and replaced with a

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 2 of 10**

2 of 10

[* 2]

microwave. Defendant complains that plaintiffs did not seek approval from DHCR and characterizes the work plaintiffs have already completed as "unsanctioned." She demands that there be the requisite due process with DHCR and that the reduction of the size of her unit is not permitted without DHCR approval.

Plaintiffs contend that her updated unit will be substantially similar in size to her current unit and that it has complied with the relevant statute.

**MS003 and 004 Discussion**

The Court's analysis must begin with the relevant code—the Rent Stabilization Code.

Section 2524.3 provides, in pertinent part, that:

> "Without the approval of the DHCR, an action or proceeding to recover possession of any housing accommodation may only be commenced after service of the notice required by section 2524.2 of this Part, upon one or more of the following grounds, wherein wrongful acts of the tenant are established as follows:
>
> (g) For housing accommodations in hotels, the tenant has refused, after at least 20 days' written notice, and an additional five days if the written notice is served by mail, to move to a substantially similar housing accommodation in the same building at the same legal regulated rent where there is a rehabilitation as set forth in section 2524.5(a)(3) of this Part, provided:
>
> (1) that the owner has an approved plan to reconstruct, renovate or improve said housing accommodation or the building in which it is located;
>
> (2) that the move is reasonably necessary to permit such reconstruction, renovation or improvement;
>
> (3) that the owner moves the tenant's belongings to the other housing accommodation at the owner's cost and expense; and
>
> (4) that the owner offers the tenant the right of reoccupancy of the reconstructed, renovated or improved housing accommodation at the same legal regulated rent unless such rent is otherwise provided for pursuant to section 2524.5(a)(3) of this Part."

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 3 of 10**

3 of 10

[* 3]

As an initial matter, the Court observes that the above section specifically provides that plaintiffs can seek defendant's temporary relocation with or *without DHCR approval*. And plaintiffs have met their burden to satisfy the requirements under section (g). They provided defendant with the required notice of an approved plan, they have provided a substantially similar accommodation during the relocation and the move is necessary to permit the renovation to proceed.

In this motion (MS004), plaintiffs appear to seek a permanent or mandatory injunction requiring defendant to temporarily relocate. "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor. A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (*Aponte v Estate of Aponte*, 172 AD3d 970, 974, 101 NYS3d 132 [2d Dept 2019] [internal quotations and citations omitted]). "A mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought" (*Rosa Hair Stylists, Inc. v Jaber Food Corp.*, 218 AD2d 793, 794, 631 NYS2d 167 [2d Dept 1995]).

Although plaintiffs curiously argue that the relief they seek would maintain the status quo by allowing defendant to continue to reside in the building, it clearly would not as defendant would have to temporarily leave her current apartment. Nevertheless, the Court grants this requested relief. Plaintiffs established that they have the right to seek this temporary relocation under the Rent Stabilization Code, that the entire project may not go forward if defendant does

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 4 of 10**

not relocate and that the equities are in plaintiffs' favor. All of the other current and future tenants stand to benefit from a renovated building that contains affordable and supportive housing. To maintain the status quo is not a viable option; plainly, the completion of the project cannot happen if defendant refuses to temporarily relocate and plaintiffs contend that they have an upcoming funding deadline. In other words, although requiring defendant to temporarily relocate, even to two renovated units on the other side of the building, may be considered by some to be drastic relief, it is warranted under these circumstances.

This Court recognizes that defendant understandably questions what her living situation will look like after the renovation is completed, but that is not a basis upon which this Court can ignore the aforementioned statute. Plaintiffs are clearly entitled to request that defendant temporarily relocate in order to complete the project. And, as plaintiffs even admit, defendant (as a rent stabilized tenant) has the ability to seek the appropriate redress if her new unit fails to comply with the applicable rent stabilization statutes.

Plaintiffs' motion is simply about whether or not defendant can continue to hold up the entire construction project; the relevant statute clearly states that she cannot. Defendant must temporarily relocate to the units (plaintiffs mentioned they offered two units) offered by plaintiffs on or before October 8, 2024.

The Court also grants plaintiffs' motion to amend. The Court observes that plaintiffs may pursue a common law cause of action for ejectment in this Court (*see Alleyne v Townsley,* 110 AD2d 674, 675 [2d Dept 1985] [finding that the "common-law action for ejectment still survives in New York"]).

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 5 of 10**

5 of 10

[* 5]

As the Court has granted plaintiffs' request for injunctive relief in MS004, defendant's demand for injunctive relief in MS003 (to prevent the aforementioned temporary relocation) is denied for the reasons cited above.

**MS002**

In this motion, plaintiffs seek to strike defendant's defenses and counterclaims in the verified answer for failure to respond to plaintiffs' demands for a bill of particulars, for documents, for witness statements and for witness information. They point out that at a January 2024 conference, defendant indicated that she would not supplement her bill of particulars or sit for a deposition and would instead file a motion for summary judgment. Plaintiffs point out that no such motion has been filed. Defendant cross-moves to vacate the demand for bill of particulars.

With respect to the demand for bill of particulars, plaintiffs complain that defendant simply avoided the question or referred to the complaint or another document and did not include valid responses. Plaintiffs observe that they requested witness information and defendant refused to do so, instead claiming that this demand was "unintelligible." They point out that defendant had similar response to their request for witness statements.

Plaintiffs also detail issues with defendant's response to document demands and argue that defendant has merely included a link to a Google Drive with documents but has not included anything to correlate these documents to the document demands, such as Bates numbers.

In opposition, defendant cross-moves and contends that the demand for bill of particulars is not a substitute for discovery and cannot be used as way to obtain evidence. She argues that the demand for a bill of particulars is vague and burdensome and so it should be vacated.

**150984/2023  235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 6 of 10**

6 of 10

[* 6]

In reply and in opposition to the cross-motion, plaintiffs point out that defendant did not oppose the portions of plaintiffs' motion related to the demands for witness information and witness statements. And defendant only partially addresses the allegedly deficient document demand responses.

Plaintiffs insist that their demand for a bill of particulars was proper but, even if it was not, defendant should not have waited more than a year to seek to vacate this demand. They emphasize she never moved for a protective order.

"The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial. Responses to a demand for a bill must clearly detail the specific acts of negligence attributed to each defendant" (*Suits v Wyckoff Hgts. Med. Ctr.*, 84 AD3d 487, 489, 922 NYS2d 388 [1st Dept 2011] [internal quotations and citations omitted]). "Disclosure of evidentiary detail is not the function of a bill of particulars" (*Philipp Bros. Export Corp. v Acero Peruano S. A.*, 88 AD2d 529, 450 NYS2d 28 [1st Dept 1982]).

The Court begins with the demand for a bill of particulars (NYSCEF Doc. No. 63). In this Court's view, this bill of particulars contains way too many demands that seek evidence, as opposed to mere amplification of the pleadings. For instance, demand number 14 seeks details about defendant's contention in paragraph 21 of the first counterclaim that defendant was misled about the future rent stabilization status of her unit. Plaintiffs seek:

> "(i) The name(s), title(s) and address(es) of the person making the statement; (ii) The date(s) of each statement; (iii) The content of each statement, including but not limited to how the statement was misleading and/or false with respect to:(A) Defendant's rent stabilized status in her unit; (B) the Defendant's rent stabilized status in the Building; and (C) the services to be provided; (iv) Whether the statement was verbal or written; (v) If verbal, the name(s) and addresses of each person who witnessed the making of the statement; (vi) If verbal, the address of the location where the statement was made; (vii) If written, the title of the document, the name(s) and address(s) of the author(s) and recipient(s) of each document, the date(s) of each document, and the name(s) and address(es) of the person(s) or

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 7 of 10**

7 of 10

entiti(es) in possession of each document (viii) The date(s) and content of Defendant's response(s), and the name(s) and title of the person(s) to whom the response(s) were made, whether oral or written, and if written, the title(s) of the document(s), the name(s) and address(es) of the author(s) and recipients of each document, the date(s) of each document, and the name(s) and address(es) of the person(s) or entities in possession of each document" (NYSCEF Doc. No. 63 at 9).

Obviously, this level of detail, which is repeatedly sought in connection with other allegations in defendant's counterclaims, is not proper for a demand for a bill of particulars. Plaintiffs clearly seek evidentiary detail, not just amplification. These are the types of inquiries that are best served by document demands and at a deposition.

Therefore, the Court finds as follows: Defendant has until October 30, 2024 to respond to plaintiffs' other demands (the document demands and the witness, as well as witness statement, demands). These responses must include actual information, such as documents, and not just a link to a Google Drive. The responses should either include Bates numbers or at least identify the numbered document demand to which they are responsive. Anything not produced by this deadline cannot be used at trial or in a future motion. And the failure to produce anything may result in proper penalties. That means that if defendant ignores this order, plaintiffs may move to strike. The parties shall then proceed to do depositions, which must take place on or before November 25, 2024.

The Court emphasizes that striking a pleading is a drastic remedy and so the Court will give defendant an opportunity to remedy her deficient responses to the demands for documents and witness information/statements. Defendant need not revise her response to the bill of particulars and her cross-motion to vacate it is granted.

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 8 of 10**

8 of 10

**Summary**

The Court observes that some (or possibly all) of plaintiffs' requests for relief in this case may be moot in light of this decision requiring defendant's temporary relocation. However, defendant has asserted counterclaims and so this case will go forward.

As for defendant's concerns about the space to which she will return after that side of the building is renovated, none of her rights are waived. Once she returns, if she feels she did not receive that to which she is entitled, she is free to pursue whatever claims she has in whatever forums are appropriate. But now she must temporarily relocate to the other side of the building and may return after plaintiffs have completed the planned renovations.

Accordingly, it is hereby

ORDERED that plaintiffs' motion (MS002) to strike and defendants' cross-motion to vacate the demand for a bill of particulars is decided as follows: On or before October 30, 2024, defendant must produce any additional documents she possesses in an organized manner, indicating which documents respond to which demand (copies of actual documents must be produced, not just a link to a google file) and otherwise as detailed above; she must also respond to the demands for witness information and witness statements. Anything not produced by the October 30, 2024 deadline cannot be used at trial or in a future motion; and it is further

ORDERED that defendant's motion (MS003) for injunctive relief is denied; and it is further

ORDERED that plaintiffs' motion (MS004) is granted to the extent that the request for leave to amend is granted and to the extent that defendant must temporarily relocate to the two units mentioned by plaintiffs in these papers on or before October 8, 2024 until the renovation is complete; and it is further

**150984/2023  235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 9 of 10**

9 of 10

ORDERED that the amended complaint in the proposed form annexed to the moving papers (NYSCEF Doc. No. 155) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that the defendant shall serve an answer to the amended complaint or otherwise respond thereto within 20 days from the date of said service.

See NYSCEF Doc. No. 133 concerning the next conference.

| 9/26/2024 | | | | | | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  002 003 004**

**Page 10 of 10**

10 of 10